PEOPLE OF PORTO RICO, Plaintiff and Appellant, v. FACTORÍA CENTRAL LOS CAÑOS, INC., Defendant and Appellee.

No. 4044. Argued March 7, 1930.—Decided April 10, 1930.

R. A. Gómez, for appellant. Gustavo Zeno Sama, for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The Central Los Caños was charged with the violation of

section 14 of the Law of Weights and Measures, as amended in 1921 (Session Laws, p. 178), which reads as follows:

"No person shall use, cause or permit to be used, any weight or measure, scale, beam, balance, steelyard, or other instrument, apparatus or appliance in ascertaining weight or measure in any industrial or commercial transaction, which does not conform to the standard weights and measures prescribed by this Act, nor shall he keep or permit to be kept in his industrial or commercial establishment such weight or measure, scale, beam, balance, steelyard, instrument, apparatus or appliance; and no person shall use, cause or permit to be used in any industrial or commercial transaction, any scale, beam, steelyard, or other instrument, apparatus or appliance for ascertaining weight or measure which registers, shows or indicates a false weight or measure, nor shall he keep or permit to be kept in his commercial or industrial establishment such scale, beam, steelyard, instrument, apparatus or appliance."

The information specified the use of a platform scale which registered a false weight.

At the close of the evidence for the prosecution defendant moved for a nonsuit on the ground that the evidence did not show a legal test.

A government inspector testified that in making the test he used 219 fifty-pound weights in an iron car which weighed 17,870 pounds. On sustaining the motion for nonsuit, the district judge said there was nothing to show that the weight of the wagon had been previously ascertained by a test in which standard weights were used. The inspector was not cross-examined on this point, either by counsel for defendant or by the court. His uncontradicted statement that the car weighed 17,870 pounds was sufficient to establish that fact.

It is true, as also pointed out by the district judge, that section 9 of the law provides that:

"A full set of said weights and measures shall be kept in the office of the Secretary of Porto Rico as the official standards, and said official shall furnish such test sets thereof as may be required for the enforcement of this Act to the *alcalde* and to each district

chief or other police officer in command in each municipal district of the Island to be kept in their custody."

The law does not prescribe the weight, size, shape or form of the various pieces of test sets. It does not say that such pieces shall be of uniform size, weight, shape or form. It does not forbid the use of a container or carrier, with or without wheels as a component part of any particular set.

The district judge did not question the statement of the inspector as to the weight of the two hundred and nineteen pieces of iron. There was no reason to doubt the truth of that statement. Nor was there any satisfactory reason why the trial judge should doubt the testimony of the same witness as to the weight of the car. The two statements rest on the same foundation. They must stand or fall together.

In the preceding paragraph we have not overlooked the fact, brought out on cross examination, that the weights used in making the test were standard weights. The car was one of the weights used in making the test. Even from a more specific statement that the fifty-pound pieces of iron were standard weights, it would not follow that the car was not also a standard weight.

If the inspector had been further cross-examined as to the official character of the test set used by him, and especially as to the official character of the iron car used as a component part of such set, or if he had been required to state the nature and source of his knowledge concerning the weight of the various units including the car, a different case might have been presented. In the absence of any such showing, or of other reason than that assigned by the trial judge for doubting the testimony of the inspector, his statement should have been accepted as true. If believed, that statement together with the rest of the testimony sufficed to establish a prima facie case.

It is fair to add that the trial judge in stating the contention of defendant seems to have assumed with counsel for defendant that the car in question was one of the ordinary

cars used by the American Railroad Company. A part of the argument in the brief proceeds upon the same hypothesis. The stenographic record does not disclose any satisfactory basis for this theory. The nearest approach thereto is to be found in the following question and answer:

"Q.—What was the length of the car? A.—Ordinary, of the American Railroad Co., a steel car."

We construe this to mean that the length of the steel car in question was the ordinary length of the American Railroad Company cars, not that it was one of the company's ordinary cars.

The judgment appealed from will be reversed and the case remanded for further proceedings not inconsistent herewith.